IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHY ZENTS, | ) |
| | ) |
|     Plaintiff | ) |
| v. | ) |
| | ) |
| LUCKY BRAND DUNGAREES STORES, LLC, LUCKY OPCO LLC, SPARC, LLC, SPARC GROUP LLC, and SPARC 1, LLC. | ) ) ) ) ) |
| | |
|     Defendants. | |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Lucky OpCo LLC and SPARC Group LLC ("Defendants") appear for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Kathy Zents v. Lucky Brand Dungarees Stores, LLC et al.*, Case No. 2116-CV25045, currently pending in the Circuit Court of Jackson County, Missouri at Kansas City. Defendants remove this case on the grounds of subject matter and diversity jurisdiction under 28 U.S.C. § 1441. In support of its Notice of Removal, Defendants state:

### BACKGROUND

1. Plaintiff Kathy Zents ("Zents") commenced this action in the Circuit Court of Jackson County, Missouri at Kansas City, on November 9, 2021, by filing her Petition in the case styled *Kathy Zents v. Lucky Brand Dungarees Stores, LLC et al.*, Case No. 2116-CV25045. A copy of the Petition is attached as **Exhibit A**.

1

2. Zents' Petition purports to assert claims for unlawful employment discrimination and retaliation based on age under the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act ("MHRA").

3. Zents served Lucky OpCo LLC and SPARC Group LLC with a summons and a copy of the Petition on November 29, 2021. In accordance with § 1446(a), copies of all processes, pleadings, and orders served on SPARC Group, LLC are attached as **Exhibit B**.

4. Lucky Brand Dungarees Stores, LLC is a named Defendant in Zents' Petition. However, Lucky Brand Dungarees Stores, LLC filed for bankruptcy in July 2020. SPARC Group Holdings LLC purchased its assets in a bankruptcy sale in August 2020 and transferred those assets to its wholly-owned subsidiary Lucky OpCo LLC. **Exhibit C**, Decl. of Minerva Abujawdeh, ¶ 3.

5. SPARC Group LLC is also a wholly-owned subsidiary of SPARC Group Holdings LLC and an affiliate of Lucky OpCo LLC. Ex. C, ¶ 4.

6. Sparc LLC and Sparc 1 LLC are also named Defendants in Zents' Petition. But, Plaintiff moved to dismiss Sparc LLC and Sparc 1 LLC on December 8, 2021. A copy of Plaintiff's motion to dismiss is attached as **Exhibit D**.

7. The only remaining Defendants in this lawsuit are Lucky OpCo LLC and SPARC Group LLC.

8. Under § 1446(b), removal is timely if filed within thirty (30) days after a defendant is served with a summons and the initial pleading. Lucky is timely filing this removal within thirty (30) days of service.

9. Under §§ 1441(a) and 1446(a), the U.S. District Court for the Western District of Missouri, is the appropriate court for removing this action from the Circuit Court of Jackson County, Missouri at Kansas City, where this action was originally filed.

10. Further, in accordance with § 1441(d), Plaintiff and the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City, are being served with copies of this notice of removal.

## GROUNDS FOR REMOVAL
### JURISDICTION BASED ON SUBJECT MATTER JURISDICTION

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of subject matter jurisdiction.

12. In her Petition filed in Jackson County Circuit Court, Zents asserts claims arising under the laws of the United States—namely, employment-related claims under the ADEA, of which this Court has original jurisdiction under § 1331. *See* Ex. A, ¶¶ 75-87, 101-113.

13. Accordingly, the Defendants may remove this case to this Court under § 1441(a) without regard to the parties' citizenship or amounts in controversy.

### JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

14. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) by reason of complete diversity jurisdiction between the parties.

15. In her Petition, Zents alleges she is a resident of Kansas City, Missouri. *See* Ex. A, ¶ 1. Thus, upon information and belief, Zents is a Missouri citizen.

16. Lucky OpCo LLC is a foreign limited liability company organized under the laws of Delaware with a principal address in Lyndhurst, New Jersey. *See* Ex. A, ¶ 3; Ex. C, ¶ 7.

17. None of Lucky OpCo LLC's members are citizens of Missouri. *See* Ex. C, ¶ 8.

18. SPARC Group LLC is a foreign limited liability company organized under the laws of Delaware with a principal address in Lyndhurst, New Jersey. *See* Ex. A, ¶ 5; Ex. C, ¶ 5.

19. None of SPARC Group LLC's members are citizens of Missouri. *See* Ex. C, ¶ 6.

## AMOUNT IN CONTROVERSY

20. While Zents does not disclose a damages calculation in her Petition, the claims asserted—on their face—seek more than $75,000 in actual damages, compensatory damages, punitive damages as well as attorneys' fees. *See* Ex. A, pp. 9-15.

21. The Defendants have a good faith basis and belief to a high degree of legal certainty that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. For example, Ross alleges that she has suffered lost wages, benefits, emotional pain, mental suffering, and enjoyment of life since she was allegedly unfairly discharged on January 6, 2021. *See* Ex. A, pp. 9-15. She also claims that she has been unable to find a new job due to her discharge and "detrimental job record." *Id.* When considering the amount in controversy, it undoubtedly exceeds $75,000, exclusive of interest and costs.

22. As stated by the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The standard for determining whether the amount in controversy requirement is met is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (internal citations omitted).

23. A moving party may meet its burden of demonstrating the amount in controversy exceeds $75,000 by "analogous case law or hypothetical itemization of damages" that includes potential punitive damages and statutory attorney's fees. *Pleasant v. Noble Fin. Corp.*, 54 F.Supp. 3d 1071, 1080 (W.D.Mo. 2014); *see also Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (punitive damages and statutory attorney's fees are included when evaluating the

jurisdictional minimum for amount in controversy). Courts consider actual damages, compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Kopp*, 280 F.3d at 886; *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

24. The ADEA provides for recovery of damages, including back pay, front pay, and liquidated damages. 29 U.S.C.A. §§ 216(b); 626(b).

25. The MHRA provides for recovery of actual damages, including back pay, front pay, and emotional distress, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. §§ 213.111.2, .4.

26. And while damages under the ADEA are limited, an award for back-pay damages, front pay, emotional distress, punitive damages, and attorneys' fees under the MHRA could exceed $75,000. Thus, these damages can be aggregated to meet the jurisdictional threshold. *See Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657, at *3 (E.D. Mo. December 1, 2011) (*citing Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765-67 (8th Cir. 2001)); *see also Riffert v. Walgreen Co.*, No. 4:07CV1912 JCH, 2008 WL 495643, at *2 (E.D. Mo. February 20, 2008) (back wages, front wages, and emotional distress all increased the amount in controversy).

27. Thus, the jurisdictional amount is met in this matter because Zents seeks the recovery of compensatory, punitive damages, and attorney's fees and costs, in an amount that undoubtedly exceeds $75,000.

28. Additionally, as a Supervisor of Sales, Zents made $15.05 per hour until her termination in January 2021. *See* Ex. C, ¶ 14. Zents would have earned approximately $32,240.00

5

per year as a part-time Supervisor of Sales.[1] Zents' back pay from January 2021 until around early 2023, when this matter would arguably go to trial, alone totals approximately $64,480.00.[2]

29. Moreover, Zents will likely seek emotional distress damages. While emotional-distress damages can vary, they could increase the value of Zents' claims if awarded. *See, e.g., Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming award of $500,000 in emotional distress damages); *Morse v. S. Union Co.*, 174 F.3d 917 (8th Cir. 1999) (affirming award of $70,000 in emotional distress damages in age discrimination claim).

30. Additionally, while Zents pleads no specific amount of alleged punitive damages or attorneys' fees, analogous claims under the MHRA demonstrate a finder of fact could legally conclude that the damages, including hypothetical punitive damages and attorneys' fees, would exceed $75,000.00 based on recent verdicts and judgments providing awards of damages and statutory attorney's fees well in excess of $75,000.

31. Recent jury verdicts for plaintiffs for ADEA and MHRA claims exceed $75,000:

- *Knight v. Auto Zone Inc.,* JVR No. 809028, 2006 WL 5852063 (W.D.Mo. April 2006) (jury verdict of $221,000 in lost wages and liquidated damages under the ADEA);

- *Trickey v. Kaman Industrial Technoligies, Corp., et. al.,* JVR No. 1201180041, 2011 WL 7141921 (E.D.Mo. Aug. 26, 2011) (jury verdict of $160,00 in lost wages under the ADEA, $100,000 in actual adamages for retaliation and $500,000 in punitive damages);

- *Scully v. Hickman Mills C-1 School Dist.*, 2016 WL 8376755 (Cir. Ct. Jackson County, Mo. Nov. 2016) (jury verdict of $297,582 for compensatory pain and suffering and $450,000 for punitive damages for claims of age discrimination under the MHRA);

---

[1] $15.05/hour * 20 hours/week = $310.00; $310.00/week * 52 weeks = $32,240.00.
[2] $32,240.00 /year * 2 years = $64,480.00.

6

- *Daniels v. State, Dept. of Social Services*, No. 1516-CV24116, 2017 WL 4839101 (Cir. Ct. Jackson County, Mo. July 31, 2017) (jury verdict of $750,000 for compensatory damages and $3,600,000 for punitive damages for age, race, and sex discrimination and retaliation claims); and

- *Miller, v. American Family Ins.*, 2014 WL 12664972 (Cir. Ct. Jackson County, Mo. December 9, 2016) (jury verdict of $450,000 for compensatory damages and $20,000,000 for punitive damages for claims of age and gender discrimination under the MHRA).

32. Punitive damage awards in MHRA cases can exceed $75,000 by themselves:

- *Coats & Harrold v. Premier Mortg. Funding, Inc.*, No. 06cc-002611, 2007 WL 4966104 (St. Louis City, Mo., April 5, 2007) (jury verdict of $215,000 in punitive damages under the MHRA);

- *Williams v. Trans States Airlines, Inc., et al*, No. 2104cc-03601, 2008 WL 5449759 (St. Louis Co., Mo., January 31, 2008) (jury verdict of $325,000 in punitive damages under the MHRA); and

- *Kisner v. Missouri Dep't of Mental Health*, 2010 WL 6775529, Dkt. No. 0916-CV24495 (Jackson Co., Mo., December 9, 2010) (jury verdict of $400,000 in punitive damages for gender discrimination and harassment claims under the MHRA).

33. Fee awards in MHRA cases can exceed $75,000 by themselves:

- *Lee v. Consolidated Freightways*, No. 99-1227-SOW, Doc. 131 (W.D. Mo. August 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case);

- *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361-365 (8th Cir. 2009) (affirming jury award of $30,000 in compensatory damages and remitting jury's $500,000 punitive damage award to $120,000 in retaliatory discharge claim under the MHRA for a total damage award of

$150,000, and finding award of $220,000 in attorneys' fees and costs was not an abuse of discretion in retaliatory discharge suit under the MHRA);

- *McKinney v. Mercy Hosp. St. Louis*, No. 15SL-CC03392, 2018 WL 10806847 (St. Louis Co., Mo., November 9, 2018) (order awarding plaintiff $347,550 in attorneys' fees in MHRA discrimination case), *aff'd.*, *McKinney v. Mercy Hosp. St. Louis*, 604 S.W.3d 680, 694 (Mo. App. E.D. 2020);

- *Harrison v. Harris Stowe State Univ.*, No. 1722-CC01238 (St. Louis City, Mo., May 1, 2020) (order awarding plaintiff $464.012.50 in attorneys' fees in MHRA discrimination claim).

34. Given Zents' likely claims for lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., Brooks*, 2011 WL 6009657, at *3 (alleged pay decrease of $30,000 per year satisfied amount in controversy).

## CONCLUSION

35. Therefore, under §§ 1331 and 1332(a)(1) and, this Court has original jurisdiction because some of Zents' claims arise under the Constitution, laws, or treaties of the United States and because the remaining named parties are completely diverse— Lucky OpCo LLC and SPARC Group LLC and Zents are citizens of different states.

36. The Defendants' Notice of Removal is accompanied by written notice to Zents, and a copy of the Defendants' Notice of Removal is being filed with the Clerk of the applicable state on this date, as required by 28 U.S.C. §1446(d).

**Wherefore**, Defendants gives notice that this action is removed from the Circuit Court of Jackson County, Missouri at Kansas City, to the U.S. District Court for the Western District of

Missouri. To the extent this Court determines additional information is needed to determine whether removal in this matter is proper, Defendants request this Court to provide it leave to supplement such additional information that the Court deems necessary to make such a determination.

Respectfully submitted this 5th day of January 5, 2022.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

s/ *Virginia L. Woodfork*
Virginia L. Woodfork, MO Bar No. 68494
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: (720) 343-7570
Facsimile: (720) 343-7573
vwoodfork@constangy.com

Dean Kpere-Daibo, MO Bar No. 63010
680 Craig Road, Suite 400
St. Louis, MO 63141
Telephone: (314) 925-7267
dkdaibo@constangy.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of January 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sarah C. Liesen
208 W. Linwood Blvd.
Kansas City, MO 64111
sliesen@elmlawkc.com

*Attorney for Plaintiff*

                                                        s/ *Virginia L. Woodfork*
                                                        *Virginia L. Woodfork*